1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL DURONSLET

11          Plaintiff,                    No. CIV S-12-0406 GGH P

12      vs.

13   JOHN H. BAKER, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a county jail prisoner pro se.  He seeks relief pursuant to 42 U.S.C.

17   § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

18   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

23   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

24   direct the appropriate agency to collect the initial partial filing fee from plaintiff's jail trust

25   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

26   monthly payments of twenty percent of the preceding month's income credited to plaintiff's

1

1    prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

2    the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

3    in full.  28 U.S.C. § 1915(b)(2).

4                The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10               A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17               A complaint must contain more than a "formulaic recitation of the elements of a

18   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

20   "The pleading must contain something more...than...a statement of facts that merely creates a

21   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

23   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

24   v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

25   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

26   the court to draw the reasonable inference that the defendant is liable for the misconduct

1  alleged." Id.

2        In reviewing a complaint under this standard, the court must accept as true the

3  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

4  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

5  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

6  1843 (1969).

7        Plaintiff states he is currently in Butte County Jail, and the defendants are being

8  deliberately indifferent to his mental illness and not taking it seriously.  However, plaintiff does

9  not describe in detail what is his mental illness.  Plaintiff states that defendants would not

10 provide him medication, but then later states they were deliberately indifferent by prescribing

11 Haldol and Thorazine.  He later complained about his medication, chlorpromazine, and related

12 that his dosage was lowered.  These drugs are used for mental illness, but plaintiff fails to state

13 why these drugs were inappropriate other than he suffered side effects or they were not

14 completely effective.  Having started out complaining about the complete lack of medication, he

15 later alleges over-prescription of medication.  It appears that plaintiff simply disagrees

16 (inconsistently) with the treatment he received, which fails to set forth an Eighth Amendment

17 claim.  Plaintiff's complaint will be dismissed with leave to file an amended complaint within

18 twenty-eight days.  Plaintiff should describe in more detail his mental illness, how the treatment

19 and medication he received was inadequate, the treatment or medication he believes he requires

20 and any injuries he suffered.  Failure to file an amended complaint will result in a

21 recommendation that this action be dismissed.

22        In order to state a claim for violation of the Eighth Amendment based on

23 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

24 deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

25 To prevail, plaintiff must show both that his medical needs were objectively serious, and that

26 defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,

1   (1991); <u>McKinney v. Anderson</u>, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

2   mind for a medical claim is "deliberate indifference."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 4

3   (1992).

4          A serious medical need exists if the failure to treat a prisoner's condition could

5   result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

6   that a prisoner has a serious need for medical treatment are the following:  the existence of an

7   injury that a reasonable doctor or patient would find important and worthy of comment or

8   treatment; the presence of a medical condition that significantly affects an individual's daily

9   activities; or the existence of chronic and substantial pain.  <u>See</u>, <u>e.g.</u>, <u>Wood v. Housewright</u>, 900

10  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); <u>Hunt v. Dental Dept.</u>, 865 F.2d 198, 200-01

11  (9th Cir. 1989).  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), <u>overruled on other</u>

12  <u>grounds</u>, <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

13         In <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) the Supreme Court defined a very

14  strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of

15  course, negligence is insufficient.  <u>Farmer</u>, 511 U.S. at 835.  However, even civil recklessness

16  (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

17  be known) is insufficient.  <u>Id.</u> at 836-37.  Neither is it sufficient that a reasonable person would

18  have known of the risk or that a defendant should have known of the risk.  <u>Id.</u> at 842.

19         It is nothing less than recklessness in the criminal sense-subjective

20  standard-disregard of a risk of harm of which the actor is actually aware.  <u>Id.</u> at 838-842.  "[T]he

21  official must both be aware of facts from which the inference could be drawn that a substantial

22  risk of serious harm exists, and he must also draw the inference."  <u>Id.</u> at 837.  Thus, a defendant

23  is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

24  by failing to take reasonable measures to abate it."  <u>Id.</u> at 847.  "[I]t is enough that the official

25  acted or failed to act despite his knowledge of a substantial risk of serious harm."  <u>Id.</u> at 842.  If

26  the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  <u>Id.</u> at 840-42.

1    However, obviousness per se will not impart knowledge as a matter of law.

2            The Civil Rights Act under which this action was filed provides as follows:

3            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
4            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
5            law, suit in equity, or other proper proceeding for redress.

6    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

7    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

10   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11   omits to perform an act which he is legally required to do that causes the deprivation of which

12   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13           Moreover, supervisory personnel are generally not liable under § 1983 for the

14   actions of their employees under a theory of respondeat superior and, therefore, when a named

15   defendant holds a supervisorial position, the causal link between him and the claimed

16   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

17   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

18   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

19   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

20   Cir. 1982).

21           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

22   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

23   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

24   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

25   there is some affirmative link or connection between a defendant's actions and the claimed

26   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

5

1  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

2  vague and conclusory allegations of official participation in civil rights violations are not

3  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4  　　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

6  amended complaint be complete in itself without reference to any prior pleading.  This is

7  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

8  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

9  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

10  original complaint, each claim and the involvement of each defendant must be sufficiently

11  alleged.

12  　　　　　　In accordance with the above, IT IS HEREBY ORDERED that:

13  　　　　　　1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14  　　　　　　2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

16  § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the

17  Butte County Jail filed concurrently herewith.

18  　　　　　　3.  The complaint is dismissed for the reasons discussed above, with leave to file

19  an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

20  file an amended complaint will result in this action being dismissed.

21  DATED: March 5, 2012

22  　　　　　　　　　　　　　　　　　　　 /s/ Gregory G. Hollows
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

23  GGH: AB
　　duro0406.b

24

25

26